UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LANDON DAVID PARKER, by next friends John Chauvet Parker and Cristin Parker, Plaintiff, <br><br> v. <br><br> CHRIS TRAYLOR, in his official capacity as COMMISSIONER, TEXAS DEPARTMENT OF AGING AND DISABILITY SERVICES, and TOM SUEHS, in his official capacity as EXECUTIVE COMMISSIONER, TEXAS HEALTH AND HUMAN SERVICES COMMISSION, Defendants. | § § § § § § § § § § § § § § § § CIVIL ACTION NO.  1:11-cv-12-LY |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS CERTAIN CLAIMS**

TO THE HONORABLE LEE YEAKEL, UNITED STATES DISTRICT JUDGE:

Plaintiff Landon David Parker, by his next friends and guardians John Chauvet Parker and Cristin Parker, submits the following response to Defendants' Motion to Dismiss Certain Claims, requesting that the Court deny the motion in its entirety.

**Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Defendants have moved for dismissal of Landon's claims under the Texas Persons with Mental Retardation Act ("PMRA"), asserting that Defendants are immune from suits brought under the PMRA because of the Eleventh Amendment and sovereign immunity.[1]

However, Landon has not requested that a civil penalty be assessed against Defendants pursuant to TEX. HEALTH & SAFETY CODE § 591.022, which is the only remedy expressly made available to private parties by the PMRA. Rather, Landon asserts that the PMRA gives rise to liberty and property interests protected by the Due Process Clause of the Fourteenth Amendment

---
[1] Defs.' Mot. to Dismiss 2.

to the United States Constitution.[2]  Landon urges that Defendants' violation of the PMRA, which involved no process whatsoever, violated his constitutional right to procedural due process.

Defendants do not argue that they possess immunity with respect to Landon's constitutional claims.

**Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted**

*Procedural Due Process*

Defendants have moved for dismissal of Landon's procedural due process claim for failure to state a claim, arguing that Landon has no liberty or property interest that is implicated by the facts that gave rise to this litigation.[3]

Contrary to the thrust of Defendants' arguments,[4] Landon does not claim that Rider 36 creates a constitutionally protected liberty or property interest.  As mentioned above, the PMRA gives Landon liberty and property interests in being placed in his least restrictive environment.[5]  In addition, Landon has liberty and property interests pursuant to the Americans with Disabilities Act ("ADA") in receiving services in the community rather than an institution.[6]

---

[2] *Knowles v. Horn*, No. 3:08-CV-1492-K, 2010 WL 517591, at *5 (N.D. Tex. Feb. 10, 2010) ("[T]he PMRA 'unquestionably [gives] mentally retarded persons the . . . statutory right to a least restrictive environment commensurate with their needs and abilities.'" (quoting *Carter v. Texas*, 611 S.W.2d 165, 166 (Tex. Civ. App.—Austin 1981, writ ref'd n.r.e.))); *see, e.g.*, *Paul v. Davis*, 424 U.S. 693 (1976); *Bd. of Regents v. Roth*, 408 U.S. 564 (1972) (holding that state law can create liberty and property interests for the purposes of procedural due process).
[3] Defs.' Mot. to Dismiss 3–9.
[4] *See, e.g.*, Defs.' Mot. to Dismiss 6 (arguing that "a rider does not provide any property rights").
[5] *See supra* note 2 and accompanying text.
[6] *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 587 (1999) ("[T]he [ADA's] proscription of discrimination may require placement of persons with mental disabilities in community settings rather than in institutions . . . when [1] the State's treatment professionals have determined that community placement is appropriate, [2] the transfer from institutional care to a less restrictive setting is not opposed by the affected individual, and [3] the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities.").

Also, a mere application for Medicaid benefits creates a constitutionally protected property interest in those benefits.[7] It follows that Landon unquestionably has a property interest in the Medicaid benefits that he has been receiving for some time. Landon also has a statutory right to a fair hearing whenever Defendants terminate or reduce his Medicaid-funded services.[8]

All of Defendants' arguments on this issue rest on their erroneous premise that Rider 36 has nothing to do with Medicaid.[9] Defendants' assertion that it "is not disputed" that Landon "was found to be ineligible for participation in the waiver program solely because his annual cost of care exceeds the annual cost limit for waiver care"[10] is false.

On the contrary, the only action triggered by Defendants' receipt, in February 2010, of Landon's plan of care, which obviously exceeds his cost limit, was the beginning of the Rider 36 assessment process. Defendants did not notify Landon at that time that they had found him ineligible for STAR+PLUS waiver services.

It was not until several months later that Defendants notified Landon that they had found him ineligible for STAR+PLUS waiver services. This notification coincided with Defendants' notification that they had denied Landon's request for Rider 36 funding.

These facts make clear that Defendants found Landon ineligible for the STAR+PLUS waiver program solely because they denied him Rider 36 funding. Accordingly, Defendants' argument that Rider 36 funds and Medicaid funds are not inextricably intertwined[11]—in addition to contradicting the only legal authority on the issue—lacks any factual basis.

---

[7] *Knowles v. Horn*, No. 3:08-CV-1492-K, 2010 WL 517591, at *6 (N.D. Tex. Feb. 10, 2010) ("Application for Medicaid benefits, even before eligibility has been determined, qualifies as a constitutionally protected property interest." (citing *Hamby v. Neel*, 368 F.3d 549, 559 (6th Cir.2004))).

[8] *Id.* at *5 ("If [a state agency] denies or reduces Medicaid-funded services to an eligible individual, it must provide a fair hearing to that individual. 42 U.S.C. § 1396a(a)(3); *e.g.*, *Jonathan C. v. Hawkins*, No. 9:05-CV-43, 2006 U.S. Dist. LEXIS 87792, 2006 WL 3498494 at *20–21 (E.D.Tex. Dec. 5, 2006); 1 TEX. ADMIN. CODE § 357.1.")

[9] *See* Defs.' Mot. to Dismiss 7–9.

[10] Defs.' Mot. to Dismiss 8.

[11] *See* Defs.' Mot. to Dismiss 7–9.

In *Knowles v. Horn*, the United States District Court for the Northern District of Texas held,

> This additional source of funding through state general revenue is inextricably intertwined with the underlying Medicaid funds. The standards Defendants used to evaluate whether or not to deny state general revenue funds under Rider 45[12] therefore effectively governed whether Knowles would receive [Medicaid waiver] funds as well. Because the determinations made with respect to the various funding sources are inseparable, the Medicaid fair hearing requirements apply to Rider 45 state general revenue funds.
>
> Defendants' failure to accord Plaintiff a fair hearing and the opportunity to appeal violates the due process provisions of both the United States and Texas Constitutions.[13]

As the Court can see, Landon's procedural due process claim—which is virtually identical to the procedural due process claim that Ryan Knowles made—is a claim on which relief *has been granted* on summary judgment by a United States District Court.[14] Just as the defendants in *Knowles* did, Defendants have taken action that impinges on Landon's constitutionally protected liberty and property interests in being served in his least restrictive environment, in the community rather than an institution, and his constitutionally protected property interest in his Medicaid benefits, without providing Landon any process whatsoever. Accordingly, Landon has a viable claim for violation of his constitutional right to due process.

### *PMRA*

Defendants have moved for dismissal of Landon's PMRA claim for failure to state a claim, arguing that the relief that Landon seeks is not provided for in the PMRA's remedial

---

[12] The relevant provision in the appropriations bill that applied to *Knowles* was Rider 45. In Texas's 81st legislative session, the provision was reenacted without substantive change as Rider 36.

[13] No. 3:08-CV-1492-K, 2010 WL 517591, at *6 (N.D. Tex. Feb. 10, 2010).

[14] The *Knowles* defendants have appealed the judgment. The appeal has now been fully briefed and is set to be orally argued on March 1, 2011, before the Fifth Circuit. Landon has requested, in the alternative, a preliminary injunction requiring Defendants to maintain Landon's current service levels pending the Fifth Circuit's decision. Pl.'s Mot. for TRO and Prelim. Inj. 26.

scheme.[15]  As explained above, Landon has not requested that civil penalties be assessed against Defendants pursuant to the PMRA.  Rather, Landon urges that the PMRA gives rise to constitutionally protected liberty and property interests and that Defendants' violation of the PMRA, which involved no process whatsoever, violated his constitutional right to procedural due process.

Landon's procedural due process claim is a viable claim upon which relief can be granted, as explained above.

**Conclusion**

For the reasons stated above, Landon requests that the Court deny Defendants' Motion to Dismiss Certain Claims in its entirety.

Dated this 11th day of February, 2011.

Respectfully submitted,

\_\_\_\_\_/s/_____
MATT BACHOP
State Bar No. 24055127
STEVEN P. ELLIOT
State Bar No. 24042619

ADVOCACY, INCORPORATED
7800 Shoal Creek Boulevard, Suite 142-S
Austin, Texas 78757
(512) 454-4816 (Phone)
(512) 302-4936 (Fax)

E-mail: MBachop@advocacyinc.org
SElliot@advocacyinc.org

ATTORNEYS FOR PLAINTIFF

---

[15] Defs.' Mot. to Dismiss 9.

- 6 -

**CERTIFICATE OF SERVICE**

    I certify that on this 11th day of February, 2011, a true and correct copy of Plaintiff's Response to Defendants' Motion to Dismiss Certain Claims was sent via the Court's ECF system to Defendants' attorney of record.


    /s/_____
MATT BACHOP